ORIGINAL

ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LARRY BUTRICK  #3910
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail:  larry.butrick@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 1 7 2016

at __10__o'clock and __30__min.__N__M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO.  16- 596 RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CRIMINAL COMPLAINT; |
| vs. | ) | AGENT'S AFFIDAVIT |
| | ) | |
| BIYU SITU | ) | |
| Defendant. | ) | |
| | ) | |

**CRIMINAL COMPLAINT**

I, the undersigned complainant, being duly sworn,
state the following is true and correct to the best of my
knowledge and belief.

COUNT 1

On or about June 12, 2015, in the District of Hawaii,
the defendant, BIYU SITU did directly, corruptly give, offer,

and promise a thing of value, to wit, five thousand dollars, to

a public official, with the intent to influence a public

official to commit and aid in committing and to collude in, and

allow, and to make the opportunity for the commission of a fraud

on the United States, that is the procurement of naturalization

to which she was not entitled.

All in violation of Title 18, United States Code,

Section 201(b)(1)(B).

COUNT 2

On or about June 12, 2015, in the District of Hawaii,

the defendant, Biyu Situ did directly, corruptly give, offer,

and promise a thing of value, to wit, five thousand dollars, to

a public official, with the intent to induce a public official

to do an act and omit to do an act in violation of his official

and lawful duty, that is, protect Biyu Situ's

massage/prostitution business from law enforcement raids and

inspections.

All in violation of Title 18, United States Code,

Section 201(b)(1)(C).

I further state that I am a Special Agent with

Homeland Security Investigations, and that this complaint is

based upon the facts set forth in the attached "Affidavit in

2

Support of Criminal Complaint," which is incorporated herein by reference.

DATED:  May 17, 2016, at Honolulu, Hawaii.

DWAYNE K. SAKAMOTO, HSI
Complainant

Subscribed to and sworn before me on
May 17, 2016, at Honolulu, Hawaii.

Honorable Richard L. Puglisi
UNITED STATES MAGISTRATE JUDGE

3

AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, DWAYNE K. SAKAMOTO, after being first duly sworn on oath, deposes and says:

1.    This affidavit is made is support of a criminal complaint charging BIYU SITU with violations of Title 18 U.S.C. §§ 201, bribery of public officials.

2.    I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement (ICE) – Homeland Security Investigations (HSI) Honolulu, Hawaii.  I have been employed as a Special Agent with HSI since April 2011.  During my employment with ICE, I have conducted investigations related to money laundering, credit card, access device, wire and bank fraud.  I have received intensive training as a Criminal Investigator at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, to include but not limited to, drug investigations, money laundering, cyber crime, firearms trafficking, and undercover operations.  I have also completed training as a Computer Forensics Agent under the U.S. Treasury Computer Forensic Training Program held at FLETC.  Prior to my employment with HSI, I was a Special Agent with the United States Secret Service (since July 2004).  During my employment with the United States Secret Service I have been trained in computer forensics, including the completion of the United State Secret Service Basic Investigation of Computer and Electronic Program (BICEP) and Network Intrusion Program (NITRO).  Prior to this, I was as a Certified Public Accountant for nine years.  I am familiar with the facts set forth in this affidavit based upon my personal knowledge and information provided to me by other law enforcement personnel and/or witnesses.

3.    My awareness of prostitution activities occurring in massage parlors, as well as my knowledge of massage parlor operations and immigration/naturalization processes set forth in this Affidavit, arise from the following: (a) my own involvement in prior massage parlor/prostitution investigations and searches during my career as a law enforcement officer; (b) my involvement on a number of occasions in debriefing confidential informants and cooperating individuals in prior investigations, as well as what other agents and police officers have advised me when relating the substance of their similar debriefings and the

results of their own massage parlor/prostitution
investigations; and  other intelligence information
provided through law enforcement channels.

4.   As a federal agent, I am authorized to
investigate violations of laws of the United States and to
execute warrants issued under the authority of the United
States.

5.   Based on all of the facts and circumstances
described in this affidavit for criminal complaint, along
with my training, experience, and consultations with
others, there is probable cause to believe that BIYU SITU
violated Title 18, United States Code, Section 201.

6.   This affidavit is intended only to establish that
there is sufficient probable cause to conclude that the
Defendant referenced herein committed the offenses
referenced herein.  This affidavit does not contain or set
forth all my knowledge regarding this investigation.

7.   On January 28, 2015, HSI Agents conducted a joint
operation with the Honolulu Police Department (HPD) Morals
Unit to identify potential Human Trafficking victims at the
Mayflower massage parlor, located at 1750 Kalakaua Avenue
#2701/2702, Honolulu, Hawaii.  HPD officers were operating
in an undercover capacity.  During the operation two (2)
Chinese females were arrested for prostitution activities
in violation of Hawaii Revised Statute (HRS) Section 712-
1200.

8.   On January 30, 2015, HSI Special Agent (SA) Cole
Masutani and SA Gregg Horita conducted a follow up
interview of the owner of Mayflower, Biyu SITU (hereinafter
"SITU") at her residence located in the Century Center
condominium complex at 1750 Kalakaua Ave #2701/2702,
Honolulu, HI.  During the interview SITU stated her friend
operates a massage parlor located in Honolulu, Hawaii.
SITU's friend's massage parlor promotes prostitution but no
law enforcement entity paid her a visit.  SITU stated her
friend pays an unknown Honolulu law enforcement officer an
unknown amount of money to protect her from any law
enforcement activity.  SITU also stated her friend is not
affected by law enforcement activity because she is tipped
off prior to any law enforcement activity.

9.   SITU asked SA Masutani if he could provide the

2

same type of protection from law enforcement.  SA Masutani
clarified with SITU that she wanted SA Masutani to protect
her and Mayflower from law enforcement activity.  SITU
acknowledged that was exactly what she wanted.  SITU stated
that too much law enforcement activity at Mayflower was
costing her a lot of money.  SITU stated it was hard for
her to operate her business successfully with so much law
enforcement activity.

10.  SA Masutani told SITU that it was illegal for him
to leak law enforcement operations or protect a criminal
enterprise.  SITU laughed it off and continued to
proposition SA Masutani to protect Mayflower.  SA Masutani
repeatedly declined her offer.  SITU and another female
offered a massage (vernacular for sex) to SA Masutani and
SA Horita.  SA Masutani and SA Horita declined the offer
and concluded the interview.

11.  On April 20, 2015, Confidential Informant
(hereinafter "CI1") met with SITU to discuss her
prostitution activities at her new massage parlor Blue
Angel.  SITU stated she invested approximately one hundred
fifteen thousand dollars ($115,000) in Blue Angel massage
parlor.  During the conversation, SITU answered several
calls from customers inquiring about massage/sex
appointments.  SITU directed the callers to Blue Angel
located at Kukui Plaza, 50 S. Beretania Street.

12.  SITU asked CI1 if he/she knew anyone with
Immigration.  SITU suggested she could pay approximately
ten thousand dollars ($10,000) a month or every few months
for protection of Blue Angel.  CI1 informed SITU he/she
knew someone working for Immigration.  SITU then asked CI1
to talk to the person from Immigration about providing
protection for her business.

13.  On June 12, 2015, CI1 and SA Masutani, in an
undercover capacity, met SITU to discuss law enforcement
protection for SITU and her prostitution activities.  CI1
reconfirmed with SITU that she previously asked him to
locate someone who could provide protection from law
enforcement and introduced SA Masutani as someone who could
provide protection for her prostitution activities.  SA
Masutani also reconfirmed SITU's previous statement during
their last encounter, on January 30, 2015, that the police
never bothered her friend's massage parlor and she also
wanted the same protection from law enforcement.

14.   SA Masutani informed SITU that he could provide protection from law enforcement raids and inspections or warn her of upcoming raids and inspections.   SA Masutani confirmed that any assistance he provides to SITU was illegal and he could lose his job.

15.   SITU asked SA Masutani to provide protection for her Blue Angel massage parlor from law enforcement.   SITU agreed to pay SA Masutani five thousand dollars ($5,000) to start.   SITU wanted SA Masutani to stop law enforcement raids and inspections on Blue Angel or give her advance warning of law enforcement raids and inspections on Blue Angel.   SITU retrieved five thousand dollars ($5,000) in cash from another room and paid SA Masutani.   SITU also stated she could give SA Masutani more money, approximately fifteen thousand dollars ($15,000), when her business improved.

16.   SA Masutani asked SITU if there was anything else he could do for her and SITU asked if he could help her obtain U.S. Citizenship without taking the citizenship test.   SITU explained she previously failed the test due to her problems with the English language.   SA Masutani stated he could help with the test/citizenship and it would cost her five thousand dollars ($5,000).   SITU then retrieved five thousand dollars ($5,000) from another room and paid SA Masutani.

17.   SITU then asked SA Masutani if he could recruit female prostitutes from other massage parlors to go work for SITU.   SITU would pay SA Masutani anywhere between five hundred dollars ($500) to two thousand dollars ($2,000) for each girl he recruited.

18.   SA Masutani reconfirmed his agreements with SITU. SITU gave SA Masutani five thousand dollars ($5,000) in cash to provide protection from law enforcement raids and inspections or provide warnings of law enforcement raids and inspections for the Blue Angel massage parlor because there was prostitution activities occurring at that location.   SITU also gave SA Masutani another five thousand dollars ($5,000) in cash to help SITU obtain U.S. Citizenship without taking the Immigration test.   SITU acknowledged the agreements and concluded the meeting.

4

19.   During the conversation, SITU answered several calls from customers inquiring about massage/sex appointments using the phone number used for the Mayflower. SITU directed the callers to her new operation called Blue Angel in Kukui Plaza located at 50 S. Beretania Street. SITU said she currently has four (4) females working at Blue Angel.

20.   Based upon the foregoing, I submit that probable cause exists to conclude that BIYU SITU committed the offenses of bribery of public official, as charged in the criminal complaint preceding this affidavit.

FURTHER AFFIANT SAYETH NAUGHT

DWAYNE K. SAKAMOTO
Special Agent, HSI

This Criminal Complaint and Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at _____*10/5*_____ .m. on May *17*, 2016.

Subscribed to and sworn before me on May 17, 2016, at Honolulu, Hawaii.

Honorable Richard L. Puglisi
UNITED STATES MAGISTRATE JUDGE
District of Hawaii

5